**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION**

**PULASKI CHURCH OF GOD,**
        *Plaintiff,*

v.

**BROTHERHOOD MUTUAL
INSURANCE COMPANY, et al.**
        *Defendants.*

**Civil Action No.: 7:18-CV-00173-EKD**

## **AMENDED COMPLAINT**

COMES NOW the Plaintiff, PULASKI CHURCH OF GOD ("Pulaski", "Insured" or "Plaintiff"), by counsel, and files this Amended Complaint against the Defendant, BROTHERHOOD MUTUAL INSURANCE COMPANY ("Brotherhood", "Insurer" or "Defendant").

1. Plaintiff is a Virginia Corporation with its principal offices in Pulaski County, Virginia.

2. Defendant is a corporation doing business in all counties in the Commonwealth of Virginia and is an admitted insurance carrier for the issuance of property and casualty fire insurance policies in the Commonwealth of Virginia.

**THE CONTRACT OF INSURANCE**

3. At all times relevant hereto, Plaintiff has been the owner of improved real property located at 1621 Bob White Blvd., Pulaski, Virginia 24301 ("Property" or "Subject Property") in which it had an ownership interest in.



SPICER, OLIN &
ASSOCIATES, P.C.
504 S. MAIN ST.
BLACKSBURG, VA
24060

4. The Property was covered under the policy of insurance issued by Brotherhood.

5. At all times relevant hereto the Plaintiff owned the Subject Property, along with the personal property located in or which was used in conjunction with the Subject Property ("Personal Property" or "Contents").

6. Brotherhood issued the Policy to the Plaintiff which covered the Property, an which, at all times applicable hereto, was in full force, and for which, all insurance premiums had been fully paid.

7. The Policy issued by Brotherhood to the Plaintiff was an "all risk" policy, by which Brotherhood agreed to cover and insure against damage due to all risks of loss, other than those excluded or limited under the policy.

8. The policy was issued pursuant to a building valuation report, which determined the value of the Property for determination of the cost of the premium, and it included the site preparation, structure, roofing, foundation, interior footings, among other things, on both an estimated replacement cost and an actual cash value cost.

9. On or about January 10, 2017, the Property and its contents were damaged by a fire. The risk of loss was covered by, and not excluded under the policy of insurance.

10. A claim was made with Brotherhood in a timely fashion.

11. Brotherhood accepted the claim as covered, and the Insurer paid a portion of the loss and damage, but refused to pay the claim in full.

12. Brotherhood has failed to pay for all loss and damage incurred by the Plaintiff which is covered under the policy including its failure to pay the difference between actual

cash value and the replacement cost on the dwelling, damage to the structure, personal property losses, among other things.

13. Despite its obligations under the Virginia insurance statutes and regulations Brotherhood refused to adjust the claim in a good faith method and failed to adjust the claim in writing or provide period written reports on the status of its investigation and payments.

14. Plaintiff has satisfied all conditions precedent to the filing of this suit, if any, which exist under the Policy, or those conditions have been waived by the insurer, or the insurer is estopped from relying upon the same.

15. Plaintiff has supplied Brotherhood with all necessary proofs of loss, if any were required.

16. The Insurer has breached its obligations under the contract of insurance.

17. Brotherhood has an obligation to pay all amounts due under the insurance policy.

18. Brotherhood has breached its obligation to make full payment.

19. Plaintiff has been damaged by the breach of contract by Brotherhood.

20. Brotherhood had an obligation to adjust and pay this claim promptly and Plaintiff is entitled to interest on the monies owed by Brotherhood from a date no later than 30 days after the claim until the amount is paid.

## COUNT I
*(Breach of Contract)*

21. Paragraphs 1-20 are incorporated herein.

22. Plaintiff is the owner of the Property.

23. Defendant has an obligation to pay for all damages to the Property and personal property therein, cause by, or resulting from, the fire, along with extra expenses

3

related to the dwelling including costs and expenses to secure the premises, to safeguard the premises, for debris removal, to rebuild the structure, among other things. Brotherhood breached these obligations.

24. Brotherhood and Plaintiff entered into a contract of insurance for which Plaintiff had paid all premiums applicable hereto, and under which Brotherhood agreed to provide insurance coverage.

25. Brotherhood is in breach of the contract for, among other things, failure to pay the claim in full, failure to adjust the claim in good faith and promptly, and failure to appraise the amount of the losses.

26. The Insurer has breached its obligations under the policy of insurance.

27. Plaintiff has sustained damage to the Property due to a covered loss or losses, which damage and loss, not being excluded by the insurance policy, is covered.

28. Plaintiff has had to make payments out of its own funds given the failure of Brotherhood to abide by its commitments.

29. Brotherhood has breached its obligations under the contract of insurance for many reasons including, but not limited to, failing to adjust the loss in a timely manner, failing to pay the undisputed portion of the coverage, failing to keep the insured advised of the status of the claim as required by law and/or regulation, failure to consider the claim of the plaintiff in light of the policy provisions, failure to extend the limitation for filing suit in the policy despite having caused the delay which resulted in the limitation coming into play, failing to timely acknowledge and act on proofs of loss or evidence of losses as submitted by the Plaintiff and as required by the Policy, by delaying the adjustment process, all among other things.

4

30. Brotherhood's failure to adjust the loss in good faith has resulted in damage to the Plaintiff.

31. Va. Code § 38.2-209 provides in pertinent part that:

> Notwithstanding any provision of the law to the contrary, in any civil case in which an insured individual sues his insurer to determine what coverage, if any, exists under his present policy . . . the individual insured shall be entitled to recover from the insurer costs and such reasonable attorney fees as the court may award. However, those costs and attorney's fees shall not be awarded unless the court determines that the insurer, not acting in good faith, has either denied coverage or failed or refused to make payment under the policy. "Individual." As used in this section, shall mean and include any person, group, business, company, organization, receiver, trustee, security, corporation, partnership, associate, or governmental body, and this definition is declaratory of existing policy.

32. This action constitutes a suit by the Plaintiff to determine what coverage exists.

33. Brotherhood has not adjusted the loss in good faith and has denied and has refused to make payment under the policy of insurance in a timely manner and has refused or failed to take such other actions as are necessary to adjust the loss in good faith.

34. In addition to a judgment on the amount of the loss, Plaintiff is entitled to payment of its costs and attorney's fees herein.

WHEREFORE, the Plaintiff moves this Court to enter judgment against the Defendant BROTHERHOOD MUTUAL INSURANCE COMPANY for Two Million, Five Hundred Thousand dollars ($2,500,000.00), along with its costs, pre- and post-judgment interest, attorney's fees, and such other relief as this Court may deem just and mete.

                                Respectfully Submitted,
                                PULASKI CHURCH OF GOD

                    By:      */s Kristopher R. Olin*
                               Of Counsel

| Kristopher R. Olin (VSB No. 78890) | James Carlos Canady |
| --- | --- |
| SPICER OLIN & ASSOCIATES, PC | CANADY LAW FIRM |
| 504 South Main Street | 5020 Montrose Blvd., Suite 800 |
| Blacksburg, VA 24060 | Houston, TX 77006 |
| (540) 552-0007 Phone | |
| (540) 951-5139 Fax | |
| kolin@spicerlawfirm.com | |

        *Counsel for Plaintiff*

### CERTIFICATE OF SERVICE

      I hereby certify that on July 31, 2018, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which provided electronic notice all counsel of record:

                                            */s Kristopher R. Olin*
                                            Kristopher R. Olin
                                            SPICER, OLIN & ASSOCIATES, PC
                                            Email: kolin@spicerlawfirm.com